IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AXIS SPECIALTY INSURANCE COMPANY, and THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER KANSAS CITY,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW HAMPSHIRE INSURANCE COMPANY,<br><br>Defendant. | Case No. 15-0809-CV-W-ODS |

<u>ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II AND YMCA'S CLAIMS; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRAYERS FOR ATTORNEYS' FEES, COSTS, AND CONSEQUENTIAL DAMAGES; (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE PRAYER FOR PREJUDGMENT INTEREST; AND (4) DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT III</u>

Pending are four motions for partial summary judgment filed by Defendant New Hampshire Insurance Company ("NHIC"): Motion for Partial Summary Judgment on AXIS Specialty Insurance Company's ("AXIS") Prayers for Attorneys' Fees, Costs, and Consequential Damages (Doc. #39); Motion for Partial Summary Judgment on the Prayer for Prejudgment Interest (Doc. #42); Motion for Partial Summary Judgment on The Young Men's Christian Association of Greater Kansas City's ("YMCA") Claims and On Count II for Equitable Subrogation (Doc. #44); and Motion for Partial Summary Judgment on Count III for Vexatious Refusal (Doc. #45).

## I.  BACKGROUND

The following facts are undisputed. This lawsuit arises out of an underlying personal injury lawsuit filed by Isaiah Rider against the YMCA (hereinafter, "Rider

lawsuit"). NHIC defended its insured, the YMCA, in the Rider lawsuit. Doc. #46, at 7; Doc. #59, at 5. AXIS provided excess insurance coverage beyond the $1,000,000 limits of NHIC's primary policy. Doc. #46, at 7; Doc. #46-2; Doc. #59, at 5. The Rider trial took place in May 2013 in the Circuit Court of Jackson County, Missouri. Doc. #46, at 7-8; Doc. #59, at 6. The jury returned a verdict finding the total amount of damages was $5,906,525, but that amount was reduced to $590,625.50 because the jury found Rider was 90% at fault. Doc. #46, at 7-8; Doc. #46-4; Doc. #59, at 6, 11; Doc. #72, at 10.

The Missouri Court of Appeals found the trial court erred in submitting a jury instruction for comparative fault for failure to keep a careful lookout. *Rider v. The Young Men's Christian Ass'n of Greater Kan. City*, 460 S.W.3d 378, 383-88 (Mo. Ct. App. 2015); Doc. #46-5. The Court of Appeals reversed the trial court's judgment, and entered judgment to reflect YMCA was 100% at fault and that Rider's damages award was $5,906,525, the full amount assessed by the jury. *Id*. at 388. NHIC paid the limits of its policy toward this judgment. Doc. #46, at 8; Doc. #46-6; Doc. #59, at 7-8; Doc. #72, at 2. AXIS paid the remainder of the judgment. Doc. #46, at 8; Doc. #59, at 7.

In June 2015, the YMCA executed an assignment assigning AXIS any and all causes of action arising out of the claims alleged against and judgment entered against the YMCA in the Rider lawsuit. Doc. #46, at 8; Doc. #46-7; Doc. #59, at 7. The assignment stated the YMCA was assigning claims it had "arising out of or related to that certain policy of liability insurance issued by New Hampshire Insurance Company…issued to the YMCA…." Doc. #46-7. The agreement indicated AXIS may pursue the claims in its own name as well as the name of the YMCA. Doc. #59, at 7, 12; Doc. #72, at 11; Doc. #46-7, at 2. It is undisputed that the claims in this lawsuit are included in the YMCA's assignment. Doc. #46, at 8; Doc. #59, at 7.

AXIS and YMCA filed this lawsuit[1] alleging bad faith failure to settle by assignment (Count I), equitable subrogation (Count II), and vexatious refusal to pay (Count III). Doc. #1-2. NHIC seeks summary judgment on the YMCA's claims, AXIS's claims under Counts II and III, and Plaintiffs' prayers for relief for attorneys' fees, consequential damages, costs, and prejudgment interest.

---

[1] The matter was initially filed in the Circuit Court of Jackson County, Missouri, and timely removed to this Court.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the… pleadings, but… by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

### A. NHIC's Motion for Partial Summary Judgment on YMCA's Claims and Count II (Doc. #44)

NHIC seeks summary judgment on the YMCA's claims (Counts II and III) as well as AXIS's claim for equitable subrogation under Count II.[2]

#### (1) YMCA's Claims

NHIC argues the YMCA is not the real party in interest and lacks standing to bring this lawsuit. In a diversity action, state law determines who is a real party in

---

[2] Count I, a claim for bad faith failure to settle, is brought by AXIS only.

interest. *Kuelbs v. Hill*, 615 F.3d 1037, 1041 (8th Cir. 2010). "The general rule is that an absolute assignment of an entire right or interest works as a divestiture of all right or interest of the assignor; and, for the purpose of maintaining a civil action, the assignee becomes the real party in interest." *Daniele v. Mo. Dep't of Conservation*, 282 S.W.3d 876, 880 (Mo. Ct. App. 2009) (quoting *McMullin v. Borgers*, 806 S.W.2d 724, 731 (Mo. Ct. App. 1991)); *see also Home Serv. Oil Co. v. Hess*, 485 S.W.2d 616, 618 (Mo. banc 1972); *Cantor v. Union Mut. Life Ins. Co.*, 547 S.W.2d 220, 225 (Mo. Ct. App. 1997).[3]

It is undisputed the YMCA assigned all claims it may have arising out of or related to its NHIC insurance policy applicable to the Rider lawsuit to AXIS. Doc. #46, at 8; Doc. #46-7; Doc. #59, at 7. While the agreement stated AXIS could pursue claims in its own name as well as the name of the YMCA, Plaintiffs have not cited (and the Court has been unable to locate) a case where a complete assignment of rights permitted both the assignor and the assignee to bring the same claims in a lawsuit. Missouri case law is clear that a complete assignment of claims divests the assignor's right to bring the claims, and the assignee becomes the real party in interest. *Daniele*, 282 S.W.3d at 880; *Home Serv. Oil Co.*, 485 S.W.2d at 618; *Cantor*, 547 S.W.2d at 225. The Court finds the YMCA is not the real party in interest and does not have standing to bring the claims it has alleged against NHIC. Thus, NHIC's motion for partial summary judgment on the YMCA's claims is granted.

### (2) AXIS's Claim for Equitable Subrogation

NHIC also contends that because there was a complete assignment, AXIS cannot maintain Count II for equitable subrogation. NHIC argues assignment and subrogation cannot co-exist; either there is an assignment <u>or</u> subrogation. AXIS maintains it is permitted to pursue an equitable subrogation claim.

Missouri recognizes a cause of action for equitable subrogation. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 831 (Mo. banc 2014) (citation omitted). "[S]ubrogation arises when the insurer pays its insured's loss and allows the insured to recover from any third party who may have caused the loss." *Id.* (citing *Benton House,*

---

[3] Both parties cite to Missouri law throughout their motions and briefs, and neither party argued another state's law applied. Accordingly, the Court has applied Missouri law.

*LLC v. Cook & Younts Ins., Inc.*, 249 S.W.3d 878, 882 (Mo. Ct. App. 2009)). Subrogation has been utilized "by an excess insurer to recover from a primary insurer a portion of the insured's settlement that the primary insurer was obligated to pay under its policy." *Id.* (citation omitted). With regard to equitable subrogation, that right belongs to "one, not a volunteer, who pays another's debt, to recover the amount paid, which in good conscience should be paid by the one primarily responsible for the loss." *Id.* at 832 (citation omitted).

The question facing this Court is the same question the Missouri Supreme Court recently addressed: "whether an excess insurer who pays a third-party claim on behalf of its insured after a primary insurer refuses in bad faith to settle the claim has a right to equitable subrogation to obtain the amount paid from the primary insurer." *Id.* at 831-32. When the insured had assigned its claims to its excess carrier, the Missouri Supreme Court found the excess carrier, which paid for the loss caused by the primary insurer, "should be equitably subrogated to the rights of [the insured] and able to bring a bad faith refusal to settle action…." *Id.* at 832. The Missouri Supreme Court further noted "allowing an excess insurer to bring an action under equitable subrogation does not create a new duty or impose a new obligation on the primary insurer; it simply substitutes the excess insurer for the insured." *Id.* at 833.

This Court is persuaded by the Missouri Supreme Court's ruling in *Scottsdale Insurance Company*. Accordingly, NHIC's motion for summary judgment on AXIS's claim of equitable subrogation is denied.

### B. NHIC's Motion for Partial Summary Judgment on Count III (Doc. #45)

NHIC seeks summary judgment on Count III, a claim brought by the YMCA only for vexatious refusal to pay.

#### (1) Amendment of Petition by Interlineation

The Court has already granted NHIC's motion for partial summary judgment with regard to the YMCA's claims. *See supra*, section III(A)(1). AXIS, in response to NHIC's motion, sought permission to amend its Petition by interlineation to list AXIS as the proper party bringing Count III, if the Court found YMCA was not the proper party. Doc.

5

#60, at 18. NHIC did not respond to AXIS's request. The Court grants AXIS's request. Going forward, the Court will deem AXIS as the party bringing Count III.

### (2) Assignment of Vexatious Refusal to Pay Claim

NHIC contends AXIS is not permitted to bring a claim for vexatious refusal to pay because the only the insured can bring such a claim. Doc. #47, at 11-12. It is undisputed the YMCA executed an assignment assigning AXIS any and all causes of action arising out of the claims alleged against the YMCA as well as the judgment entered against the YMCA in the Rider lawsuit. Doc. #46, at 8; Doc. #46-7; Doc. #59, at 7. "When there is an assignment of an entire claim there is a complete divestment of all rights from the assignor and a vesting of those same rights in the assignee." *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 110 (Mo. Ct. App. 1971) (citation omitted). Neither party argues the YMCA, prior to assignment of its claims, did not have the right to seek a claim for vexatious refusal to pay. Nor did the parties cite to any case where the assignment of a vexatious refusal to pay claim was prohibited or, for that matter, permitted.

> Missouri's vexatious refusal to pay statute, in relevant part, states the following:
>
> In any action against any insurance company to recover the amount of any loss under a policy…if it appears from the evidence that such company has refused to pay such loss without reasonable cause, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee….

Mo. Rev. Stat. § 375.420. The statute is not limited to insureds bringing such a claim. In fact, "insured" does not appear anywhere in the statute.[4] "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *Missouri v. Rowe*, 63 S.W.3d 647, 649 (Mo. banc 2002) (citation omitted). Given the statute is not

---

[4] Further, the elements of a claim for vexatious refusal to pay, as laid out by Missouri courts, are not limited to insureds. *Tauvar v. Am. Family Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. Ct. App. 2008) (citation omitted) (stating the elements of a claim for vexatious refusal to pay are the claimant made a demand, the insurer failed or refused to pay for a period of thirty days after the demand, and the refusal to pay was vexatious and without reasonable cause).

6

specifically limited to insureds, the Court cannot construe the statute to only apply in that fashion. Accordingly, NHIC's motion for summary judgment on the basis of AXIS not being the property party for this claim is denied.

### (3) Substantive Claim

NHIC contends it is entitled to summary judgment on AXIS's vexatious refusal to pay claim because AXIS has failed to set forth evidence establishing such a claim. To establish a vexatious refusal to pay claim, the plaintiff must show (1) the claimant made a demand, (2) the insurer failed or refused to pay for a period of thirty days after the demand, and (3) the refusal to pay was vexatious and without reasonable cause. *Tauvar v. Am. Family Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. Ct. App. 2008) (citation omitted). Based upon the evidence before it, the Court finds a genuine issue of material fact exists with regard to this claim. Thus, NHIC's motion for summary judgment on Count III is denied.

### (4) Bad Faith Failure to Settle

NHIC also argues it is entitled to summary judgment on Count III because AXIS cannot utilize the same facts to "bootstrap" its vexatious refusal to pay claim (Count III) with its bad faith failure to settle claim (Count I). A vexatious refusal to pay claim sounds in contract; a bad faith failure to settle claim is premised on tort concepts. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67-68 (Mo. banc 2000); *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins. Co.*, Case No. 4:15CV1171-CDP, 2016 WL 147096, at *2 (E.D. Mo. Jan. 13, 2016) (citations omitted). Above, the Court outlined the elements of a vexatious refusal claim. A bad faith failure to settle claim arises when "a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy." *Scottsdale Ins. Co.*, 448 S.W.3d at 827 (citation omitted). If the claim is one for bad faith in failing to settle within the policy limits, the claim is a tort, not a breach of contract claim. *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 64, 94 (Mo. Ct. App. 2005) (citations omitted).

7

The question before the Court is whether AXIS can bring both claims. Based upon NHIC's Petition, the same allegations appear to support both claims. *See* Doc. #102, at ¶¶ 6-8, 14-53, 58-62; *Elec. Power Sys. Int'l, Inc.*, 2016 WL 147096, at *3 (finding, when considering a motion for judgment on the pleadings, "additional facts" supported the plaintiff's separate bad faith failure to settle claim, and as such, that claim was distinct from the plaintiff's vexatious refusal to pay claim). However, there are disputed material facts pertaining to AXIS's vexatious refusal to pay claim and/or AXIS's bad faith failure to settle claim. And, based upon the evidence before the Court, it is unclear if the same facts support both claims. As such, the Court cannot enter summary judgment with regard AXIS's vexatious refusal to pay claim.

### C. NHIC's Motion for Partial Summary Judgment on AXIS'S Fees, Costs, and Consequential Damages (Doc. #39)

NHIC seeks summary judgment on AXIS's prayers for attorneys' fees, consequential damages, and costs.

### (1) Attorneys' Fees in this Lawsuit

AXIS seeks recovery of its attorneys' fees incurred in bringing this lawsuit. Doc. #1-2, Prayer for Relief, ¶¶ 7. NHIC contends AXIS is not entitled to those fees.

For attorneys' fees, "Missouri follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees." *Wash. Univ. v. Royal Crown Bottling Co.*, 801 S.W.2d 458, 468 (Mo. Ct. App. 1990) (citations omitted). With regard to AXIS's claim of vexatious refusal to pay, the Court is permitted by statute to award reasonable attorneys' fees to a prevailing party. Mo. Rev. Stat. § 375.420; *see also Tauvar*, 269 S.W.3d at 439 (stating "[a] plaintiff who successfully shows vexatious refusal may be awarded…damages and attorney fees."). Accordingly, NHIC's motion for partial summary judgment is denied in this regard.

With regard to its bad faith failure to settle claim and equitable subrogation claim, AXIS argues the Court has equitable power to award attorneys' fees on these claims. One exception to the "American Rule" is "attorney's fees may, on rare occasions, be

8

recovered where a court of equity finds it necessary to award them in order to balance benefits, but this occurs only if 'very unusual circumstances' can be shown." *Wash. Univ.*, 801 S.W.2d at 469 (citations omitted). NHIC's request to enter summary judgment on AXIS's prayers for attorneys' fees is premature. Without hearing all of the evidence, the Court cannot determine whether this matter meets one of the "rare occasions" where it may consider awarding attorneys' fees. Accordingly, NHIC's motion is denied at this time.

### (2) Attorneys' Fees in the Rider Lawsuit

NHIC seeks summary judgment on AXIS's prayer for recovery of the YMCA's attorneys' fees and AXIS's attorneys' fees incurred in connection with the Rider lawsuit. *See* Doc. #1-2, Prayer for Relief, ¶¶ 5-6. AXIS argues the Court's equitable power permits it to award these fees. Doc. #61, at 61. AXIS, however, failed to cite to a case where a party recovered its attorneys' fees incurred in another lawsuit in which that party was not named. Further, AXIS has not cited to a case where an excess insurer recovered its attorneys' fees it incurred in a lawsuit, such as the Rider lawsuit. Without legal authority permitting the Court or jury to award such recovery, the Court must grant summary judgment in NHIC's favor with regard to AXIS's request to recover attorneys' fees it incurred in the Rider lawsuit.

AXIS did not address NHIC's argument that AXIS is not entitled to recover the attorneys' fees the YMCA incurred in the Rider lawsuit. *See* Doc. #61. By failing to oppose a basis for summary judgment, AXIS effectively waived its claim for recovery of the YMCA's attorneys' fees in connection with the Rider lawsuit. *Robinson v. Am. Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014) (finding the plaintiff waived those claims to which she did not oppose in response to a summary judgment motion); *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (stating the "failure to oppose a basis for summary judgment constitutes waiver of that argument."). Therefore, NHIC's motion for summary judgment with regard to AXIS's prayer for recovery of the YMCA's attorneys' fees incurred during the Rider lawsuit is granted.

### (3) Consequential Damages

In its Petition, AXIS seeks recovery of consequential damages suffered by the YMCA, pursuant to the assignment of its rights to AXIS, and consequential damages suffered by AXIS. Doc. #1-2, Prayer for Relief, ¶¶ 2-3. NHIC requests summary judgment in its favor on these prayers for relief.

AXIS, in response to one of NHIC's statement of facts, stated "[t]he consequential damages sought by AXIS include attorney's fees incurred by AXIS in connection with the Rider claim in the amount of $120,180.50." Doc. #61, at 9. To the extent the only consequential damages sought by AXIS are the attorneys' fees it incurred in the Rider litigation, summary judgment is entered in NHIC's favor as set forth in section III(C)(2).

It is unclear what other consequential damages are sought by AXIS. AXIS stated, in response to one of NHIC's statement of facts, "the consequential damages sought by AXIS cannot be quantified until the conclusion of the instant case." *Id.* But AXIS did not set forth any argument or authority to support its prayer for consequential damages. Doc. #61, at 13-17. In fact, nowhere in the argument section of its brief did AXIS mention consequential damages. *Id.* By failing to oppose a basis for summary judgment, AXIS effectively waived its claim for recovery of consequential damages. *Robinson*, 753 F.3d at 754; *Satcher*, 558 F.3d at 735. Therefore, NHIC's motion for summary judgment with regard to AXIS's prayer for recovery of consequential damages is granted.

### (4) Costs

NHIC seeks summary judgment on AXIS's prayer for costs. To the extent AXIS is the prevailing party in this lawsuit, it could seek recovery of those costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(1). In this regard, NHIC's motion is denied.

NHIC also asks that summary judgment be entered with regard to any claim by AXIS seeking recovery of costs associated with the Rider lawsuit. AXIS, in response to NHIC's motion for, does not address this argument. AXIS appears to have abandoned a claim, if it had one, for costs associated with the Rider lawsuit. In this regard, NHIC's

motion is granted. AXIS will not be permitted to seek costs it incurred during the Rider lawsuit.

### D. NHIC's Motion for Partial Summary Judgment on Prejudgment Interest (Doc. #42)

AXIS seeks "[d]amages in the sum of $5,541,599.81 plus pre-judgment interest at the legal rate from the date of payment." Doc. #1-2, Prayer for Relief, ¶ 1. NHIC claims it is entitled to judgment as a matter of law on AXIS's prayer for prejudgment interest. The parties agree Missouri law governs the issue of prejudgment interest because this is a diversity action. Doc. #43, at 8; Doc. #62, at 6.

"Prejudgment interest must be based upon either statute or a contract, either express or implied." *McKinney v. State Farm Mut. Ins.*, 123 S.W.3d 242, 246 (Mo. Ct. App. 2003) (citation omitted). The parties agree there is no contract that would provide for an award of prejudgment interest. Doc. #43, at 7; Doc. #62, at 5.

Section 375.420, the vexatious refusal to pay statute, permits an award of interest if a party prevails. Mo. Rev. Stat. § 375.420. Thus, to the extent AXIS prevails on its claim of vexatious refusal to pay, it could be entitled to an award of interest. Therefore, NHIC's motion for summary judgment on AXIS's prayer for prejudgment interest associated with its claim of vexatious refusal to pay is denied.

AXIS's claim for bad faith failure to settle is a tort. *Overcast*, 11 S.W.3d at 67-68. Generally, prejudgment interest is not recoverable on a tort claim.[5] In response to NHIC's motion, AXIS does not set forth any legal basis or argument that it is entitled to prejudgment interest on its bad faith failure to settle claim. Accordingly, NHIC's motion for summary judgment on AXIS's prayer for prejudgment interest associated with its bad faith failure to settle claim is granted.

With regard to AXIS's claim of equitable subrogation, AXIS claims it could be awarded prejudgment interest at the Court's discretion. Doc. #62, at 7. "In equity, allowance of prejudgment interest remains discretionary with the trial court." *Ins. Co. of*

---

[5] A Missouri statute allows prejudgment interest in a tort action under certain circumstances. *See* Mo. Rev. Stat. § 408.040.3. AXIS, in response to NHIC's summary judgment motion, does not argue that section applies, thereby abandoning that basis for its recovery of prejudgment interest.

11

*N. Am. v. Skyway Aviation, Inc.*, 828 S.W.2d 888, 892 (Mo. Ct. App. 1992) (citation omitted); *Taylor-McDonald v. Taylor*, 245 S.W.3d 867, 878 (Mo. Ct. App. 2008) (citation omitted) (stating "in equitable actions the decision whether to award prejudgment interest lies entirely in the trial court's discretion."). Given this Court has discretion to award prejudgment interest in equitable actions, NHIC's request to enter summary judgment on AXIS's prayer for prejudgment interest on its equitable subrogation claim is premature. Without hearing all of the evidence, the Court cannot determine, at this juncture, whether prejudgment interest is appropriate. Consequently, NHIC's motion is denied at this time.[6]

## IV. CONCLUSION

For the foregoing reasons, the pending motions are granted in part and denied in part. Specifically:

- NHIC's Motion for Partial Summary Judgment on YMCA's Claims and Count II (Doc. #44) is granted in part and denied in part. NHIC's motion is granted with regard to the YMCA's claims. NHIC's motion is denied with regard to AXIS's claim under Count II.
- NHIC's Motion for Partial Summary Judgment on Count III (Doc. #45) is denied. AXIS's Petition is amended by interlineation to reflect AXIS is the proper party interest with regard to Count III.
- NHIC's Motion for Partial Summary Judgment on AXIS's Prayers for Attorneys' Fees, Costs, and Consequential Damages (Doc. #39) is granted in part and denied in part. NHIC's motion is granted with regard to the Rider lawsuit attorneys' fees incurred by AXIS, consequential damages in this matter, consequential damages stemming from the Rider lawsuit, and

---

[6] In response to NHIC's motion, AXIS relies on an interpleader action, and an action to recover trust property. AXIS does not cite to any cases where a party recovered prejudgment interest for a claim for equitable subrogation. To the extent AXIS continues to seek recovery of prejudgment interest related to its equitable subrogation claim, it will need to set forth persuasive legal authority that the Court is not only permitted to award such interest but should do so in these particular circumstances.

12

recovery of costs incurred during the Rider lawsuit. NHIC's motion is denied with regard to the attorneys' fees and costs sought by AXIS in this matter.

- NHIC's Motion for Partial Summary Judgment on the Prayer for Prejudgment Interest (Doc. #42) is granted in part and denied in part. NHIC's motion is granted with regard to AXIS's prayer for prejudgment interest emanating from its bad faith failure to settle claim, and the motion is denied with regard to AXIS's prayer for prejudgment interest based upon its claims of equitable subrogation and vexatious refusal to pay.

IT IS SO ORDERED.

DATE: August 11, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT