IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AXIS SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-0809-CV-W-ODS |
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending are New Hampshire Insurance Company's ("NHIC") Motion for Partial Summary Judgment (Doc. #108), and AXIS Specialty Insurance Company's ("AXIS") Motion for Partial Summary Judgment (Doc. #116). Both motions are denied.

## I.  STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a

party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the… pleadings, but… by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## II. DISCUSSION[1]
### A. NHIC's Motion

Earlier in this case, NHIC sought summary judgment on AXIS's vexatious refusal claim (Count III). NHIC argued AXIS could not bring a vexatious refusal claim and a bad faith failure to settle claim based upon the same facts. The Court denied the motion, finding there were disputed material facts pertaining to both claims. Doc. #81. NHIC renews its motion and argument. Doc. #108. The cases cited by NHIC do not explicitly prohibit a party from bringing both a vexatious refusal claim and a bad faith failure to settle claim when the claims are based on the same facts.

NHIC relies on this Court's decision to grant a motion to dismiss a vexatious refusal claim. *See W. Am. Ins. Co. v. RLI Ins. Co.*, Case No. 07-CV-0566, 2001 WL 3376878 (W.D. Mo. Nov. 6, 2007). This Court dismissed that claim because the plaintiff was not the insured and only alleged a third-party claim. *Id.* at 2. There were no facts establishing the plaintiff was assigned the insured's claims. Here, the insured assigned AXIS all causes of action arising out of the claims alleged against and judgment entered against the insured in the Rider lawsuit. Doc. #81, at 2, 4.[2] The Court's previous dismissal order does not shed light on this particular situation.

NHIC relies on another decision issued by the Western District of Missouri wherein the plaintiff alleged claims of bad faith failure to settle, negligent failure to settle, breach of fiduciary duty, and breach of contract. *See Purscell v. Tico Ins. Co.*, Case No. 12-CV-4039, 2012 WL 1934015, at *1 (W.D. Mo. May 29, 2012). In *Purscell*, Judge Laughrey did not find, and was not asked to find, whether claims for vexatious refusal and bad faith failure to settle could be brought when based upon the same facts.

---

[1] Background facts were previously outlined in the Court's August 11, 2016 Order. *See* Doc. #81.
[2] *See* Doc. #81, at 4-6.

2

NHIC also relies on a decision issued by Eastern District of Missouri. *See Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins. Co.*, Case No. 15CV1171, 2016 WL 147096 (E.D. Mo. Jan. 13, 2016). In *Electric Power Systems International*, the Court denied a motion for judgment on the pleadings because a party's vexatious refusal claim and bad faith failure to settle claim were not based upon the same set of facts. *Id.* at *3. The Court did not find a party could not bring both a vexatious refusal claim and a bad faith failure to settle claim based upon the same facts. *Id.*

Finally, NHIC's reliance on *Zumwalt v. Utilities Insurance Co.*, 228 S.W.2d 750 (Mo. banc 1950), is misplaced. In *Zumwalt*, the Missouri Supreme Court addressed, for the first time, whether insurer liability is based upon bad faith or negligence. *Id.* at 753. The remainder of the decision examined alleged instructional errors. *Id.* at 754-56. The Court did not state a party was not permitted to bring claims of vexatious refusal and bad faith failure to settle if the claims were based upon the same facts.

NHIC has not cited – and the Court has been unable to find – a case explicitly prohibiting a party from bringing claims for vexatious refusal and bad faith failure to settle based upon the same facts. Instead, the Missouri Supreme Court held the vexatious refusal statute "does not displace or preempt any remedies nor does it provide an immunity from liability….There is not one word in the statute to support the notion that [it] 'preempts' any claim." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 69 (Mo. banc 2000) (citing Mo. Rev. Stat. § 375.420). Without an unambiguous prohibition against bringing these two claims based on the same facts, the Court is not persuaded to decree such a prohibition.

Alternatively, NHIC argues AXIS's vexatious refusal claim fails as a matter of law. To establish a vexatious refusal claim, the plaintiff must show (1) the claimant made a demand, (2) the insurer failed or refused to pay for a period of thirty days after the demand, and (3) the refusal to pay was vexatious and without reasonable cause. *Tauvar v. Am. Family Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. Ct. App. 2008) (citation omitted). The Court finds disputed issues of material fact exist regarding this claim; therefore, NHIC is not entitled to summary judgment on AXIS's vexatious refusal claim.[3]

---

[3] To the extent the jury is instructed on both claims and duplicative or overlapping damages are awarded for both claims, the Court will address those issues post-trial.

3

### B. AXIS's Motion
### (1) Bad Faith Failure to Settle

AXIS seeks summary judgment on its bad faith failure to settle claim (Count I). The Court finds genuine issues of material fact exist with regard to whether NHIC acted in bad faith. Therefore, AXIS's motion for summary judgment on this claim is denied.

### (2) Equitable Subrogation

AXIS argues it is entitled to an award of attorneys' fees, interest, and costs it has incurred by virtue of its equitable subrogation claim (Count II). AXIS contends it was forced to bring this lawsuit because NHIC refused to pay the entire judgment in the Rider lawsuit, engaged in "scorched-earth discovery tactics" in this matter, and filed unnecessary summary judgment motions. Doc. #117, at 36-37. For these reasons, AXIS asks the Court to enter summary judgment in its favor with regard to its attorneys' fees, costs, and interest. NHIC disagrees with AXIS's assessment, and argues, among other things, the Court does not have authority to award AXIS its pretrial attorneys' fees.

In August 2016, the Court found it was premature to consider granting summary judgment on a claim for attorneys' fees. Doc. #81, at 9. Given the disputed facts of material fact related to AXIS's claims at this juncture, the Court cannot determine whether this matter meets one of the rare occasions where it may consider awarding attorneys' fees. Accordingly, the Court denies AXIS's motion for summary judgment.[4]

### III.   CONCLUSION

For the foregoing reasons, NHIC's Motion for Partial Summary Judgment (Doc. #108) is denied, AXIS's Motion for Partial Summary Judgment (Doc. #116) is denied.

IT IS SO ORDERED.

DATE:  January 23, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] With regard to AXIS's motion to enter summary judgment in its favor regarding costs and interest, the Court denies that request at this time and refers AXIS to the Court's August 11, 2016 Order, which discussed those issues. Doc. #81, at 10-12.