IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AXIS SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 15-0809-CV-W-ODS ) |
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT TESTIMONY OF CHARLES HENDERSON, (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT TESTIMONY OF MICHAEL MANNERS, AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF RUSSELL WATTERS

Pending are NHIC's Motion to Limit the Testimony of Plaintiff's Expert Charles Henderson (Doc. #110), NHIC's Motion to Limit the Testimony of Plaintiff's Expert Michael Manners (Doc. #112), and AXIS's Motion to Strike the Expert Designation and Exclude the Testimony of Russell Watters (Doc. #114). NHIC's motions are granted in part and denied in part, and AXIS's motion is likewise granted in part and denied in part.

### I. STANDARD

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of

whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In determining the admissibility of expert testimony, the Court uses the following three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted).

## II. DISCUSSION

### A. Charles Henderson

NHIC argues AXIS's expert Charles Henderson oversteps the boundaries for expert testimony because his opinions (1) contradict the YMCA's position and are not relevant to AXIS's theory of the case; (2) invade the province of the jury; (3) lack foundation; (4) are speculation; and (5) are duplicative of AXIS's other expert.

**(1) YMCA's Position and AXIS's Theory of the Case**

Henderson will testify that NHIC violated accepted industry standards, practices, and procedures, as well as violated its own claims handling standards. NHIC argues these opinions contradict the YMCA's position. Because the YMCA's witnesses testified they had no complaints about the investigation of the Rider claim, AXIS, who steps into the shoes of the YMCA in this lawsuit, cannot assert contradictory testimony. AXIS argues the YMCA's representatives are not experts in insurance standards, and are not qualified to opine on whether an investigation of a claim satisfies industry standards. While YMCA assigned its claims to AXIS, the YMCA's representatives are not insurance experts. Accordingly, AXIS will not be limited to the YMCA's representatives' testimonies regarding NHIC's investigation and handling of the Rider claim/lawsuit. Henderson will be permitted to testify about NHIC's investigation.

2

NHIC also argues these opinions are irrelevant to AXIS's theory of the case because AXIS only claims NHIC failed to settle the Rider lawsuit. AXIS alleges claims of bad faith failure to settle and vexatious refusal. NHIC's investigation and its determinations throughout that investigation are relevant to AXIS's claims. The quality of NHIC's investigation is directly connected to its declination to offer a settlement sum up to the maximum of its policy limits. Otherwise stated, a sub-standard investigation might result in an inadequate settlement offer. Henderson will be permitted to testify about NHIC's investigation into the Rider claim/lawsuit.

### (2) Invading the Province of the Jury

NHIC seeks to exclude Henderson's opinions that NHIC acted unreasonably and in bad faith because those opinions invade the province of the jury. The parties agree an expert witness is not permitted to opine about whether a party acted in bad or good faith. Doc. #11, at 13-14; Doc. #119, at 5. The parties disagree about whether an expert witness can opine about reasonableness of conduct. The applicable standard in this case is not one of reasonableness; however, "[o]pinions that are phrased in terms of inadequately explored legal criteria or that merely tell the jury what result to reach are not deemed helpful to the jury,…and thus, are not admissible" under Rule 702 of the Federal Rules of Evidence. *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993) (citation and internal quotations omitted). The Court finds an expert's opinion on the reasonableness of a party's conduct is couched as a legal conclusion. Henderson will not be permitted to testify about the reasonableness of NHIC's conduct.

NHIC also seeks to exclude Henderson's opinions that NHIC violated its standards, insurance standards, and the Unfair Claims Settlement Practices Act ("UCSPA") because these opinions invade the province of the jury. AXIS argues these opinions will assist the jury. Henderson will be permitted to testify about insurance industry standards and NHIC's standards at the relevant time, and he will be permitted to testify about NHIC's actions. Henderson will not be permitted to opine on whether NHIC's actions violated its standards or industry standards. Counsel is capable of making that argument in summation, and the jury is capable of making that determination.

3

Likewise, Henderson's opinion that NHIC violated the UCSPA will not be permitted. Not only could such testify cause confusion, but an opinion about whether a party violated the law is not proper expert testimony. *See Thurman v. Mo. Gas Energy*, 107 F. Supp. 2d 1046, 1054 (W.D. Mo. 2000); *see also S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). Henderson may testify about the standards. He may testify about what NHIC did or did not do. But the jury must decide whether NHIC "violated" those standards.

### (3) Foundation

NHIC seeks to exclude Henderson's testimony that NHIC owed AXIS a direct duty, and NHIC's failure to understand a lease was a missed opportunity to bring an indemnity action. NHIC contends these opinions lack foundation. AXIS agrees it will not elicit testimony about NHIC owing a duty to AXIS. Doc. #119, at 8. AXIS also agrees it will not elicit testimony about NHIC's failure to consider a lease would have impacted the outcome at trial. *Id.* AXIS, however, argues it is appropriate for Henderson to testify "NHIC's failure to investigate whether the lease provided a potential third party action is unreasonable and violated insurance standards and practices." *Id.* As set forth above, the Court will not permit Henderson to opine on the *reasonableness* of NHIC's actions and whether said actions *violated* insurance standards. He may testify as to what the standards are and what NHIC did or did not do. The issues of reasonableness and violations will be left to the jury.

### (4) Speculation

Finally, NHIC seeks to prevent Henderson from testifying NHIC missed an opportunity to settle. Specifically, Henderson opines NHIC's denial of Rider's mother's lost wages claim effectively foreclosed any chance to reasonably settle the case before Rider retained counsel. Doc. #111, at 16; Doc. #111-2, at 9. During his deposition, Henderson admitted this opinion was speculation. Doc. #111-3, at 24. AXIS argues Henderson's opinion should be permitted because the opinion shows a failure to negotiate early, another breach of industry standards. Doc. #119, at 7. Because it would be speculative to opine that offer would have been accepted, Henderson will not

be permitted to express an opinion on whether negotiations at this particular point – when Rider's mother requested lost wages – would have been successful.

### (5) Cumulative Testimony

NHIC contends Henderson's testimony is cumulative of the testimony of AXIS's other expert, Michael Manners, and the Court should prohibit AXIS from offering cumulative testimony. AXIS contends both experts approach their analyses with different experience, specialization, and expertise, and they should both be permitted to testify. It is premature for the Court to decide what testimony is cumulative. Although the experts' reports appear, in some ways, to provide cumulative opinions, AXIS may utilize these experts' opinions in different ways to avoid duplicative testimony. The Court is mindful of the jury's time and attention, and will not allow parties to present duplicative and cumulative testimony.

### B. Michael Manners

AXIS designated Michael Manners, a former Jackson County, Missouri Circuit Court Judge, as an expert. Doc. #113-1. In his report, Manners offered two opinions: (1) NHIC acted unreasonably when it risked exposing its insured to an excess judgment by not offering to settle the Rider lawsuit within the limits of its liability coverage before the verdict was returned, and (2) NHIC acted unreasonably when it risked exposing its insured to an excess judgment by failing to settle the Rider lawsuit before it was resolved by the Missouri Court of Appeals. Doc. #113-2, at 3. NHIC argues (1) Manners's opinions on the credibility of a medical expert should not permitted; (2) his opinions are cumulative; (3) his opinions are speculation; and (4) his opinions apply the incorrect standard and invade the province of the jury.

### (1) Credibility of Medical Expert

NHIC argues Manners should not opine on Rider's medical expert's credibility. "An expert may not opine on another witness's credibility." *Engesser v. Dooley*, 457 F.3d 731, 736 (8th Cir. 2006) (citation omitted). AXIS agrees not to elicit Manner's opinion on the medical expert's credibility. Doc. #118, at 6. NHIC's motion to limit Manners's testimony regarding the credibility of Rider's medical expert is granted.

### (2) Cumulative Testimony

NHIC contends Manners's testimony is cumulative of Henderson's testimony. As discussed in section II(A)(5), it is premature for the Court to decide what testimony is cumulative. NHIC's motion to limit Manners's testimony in this regard is denied.

### (3) NHIC's Failure to Offer Policy Limits

Manners opines NHIC should have offered its policy limits, but because it did not, NHIC exposed its insured to a judgment in excess of the policy limits. NHIC argues this opinion is speculation because there is no evidence Rider would have accepted the policy limits. AXIS contends Manners's opinion is not based upon speculation because Rider would have accepted a settlement of the policy limits.[1]

An opinion as to whether another individual would have accepted a settlement is speculation. *See e.g.*, *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 391 F.3d 936, 943 (8th Cir. 2004); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000). Manners will not be permitted to opine about what NHIC should have done, and what happened as a result of what NHIC did or did not do. Further, Manners may not testify as to whether Rider would have accepted a particular settlement.

### (4) Incorrect Standard and Invading the Province of the Jury

NHIC argues AXIS must establish NHIC acted in bad faith, and Manners's opinions about whether NHIC acted unreasonably is not the correct standard. NHIC also contends Manners's opinions about reasonableness invade the province of the jury. AXIS maintains Manners's opinion that NHIC acted unreasonably is proper expert testimony and will assist the jury. As set forth *supra*, section II(A)(2), "[o]pinions that are phrased in terms of inadequately explored legal criteria or that merely tell the jury what result to reach are not deemed helpful to the jury,…and thus, are not admissible" under Rule 702 of the Federal Rules of Evidence. *Whitted*, 11 F.3d at 785 (citation and

---

[1] AXIS attached an affidavit executed by one of Rider's attorneys in November 2016, stating he and his client "were prepared to accept $1 million in settlement" prior to and during trial. Doc. #118-1. Manners's report was prepared in August 2016, and his opinion was not based upon this affidavit. Moreover, it is not what Rider's attorneys knew that matters; it is what NHIC <u>knew</u> that matters. The affidavit says nothing about Rider's attorney communicating an unconditional offer to NHIC to settle for $1 million once Rider's attorney learned about excess insurance coverage.

6

internal quotations omitted). An expert's opinion on the unreasonableness of a party's conduct is couched as a legal conclusion. Manners will not be permitted to testimony about whether NHIC acted unreasonably or reasonably.

### C. Russell Watters

AXIS seeks to strike NHIC's designation of Russell Watters as an expert. AXIS contends Watters is not qualified to opine on an insurer's pre-suit investigation, his testimony does not assist the jury, and his opinion is based on speculation.

### (1) Pre-suit Investigation

AXIS argues Watters is not qualified to opine on an insurer's pre-suit investigation because he has not worked as a claims representative or claims analyst for an insurance company. NHIC contends Watters is qualified because he has extensive knowledge and experience over the past four decades handling lawsuits on behalf of insurers and advising insurers on industry standards. Doc. #115-1, at 2. Watters's legal practice consists of "defending insureds on behalf of insurance companies as well as providing coverage advice and representing insurers in alleged extra contractual litigation and claims." *Id.* Given the information before the Court, Watters appears qualified to render opinions about an insurer's pre-suit investigation. Accordingly, the Court denies AXIS's motion in this regard. Watters may testify about industry standards and what NHIC did or did not do. He may not testify that NHIC's investigation was *reasonable*.

### (2) Does Not Assist the Jury

AXIS seeks to exclude Watters from offering opinions (1) that are nothing more than recitation of the facts, (2) concerning potential liability and settlement negotiations in the Rider lawsuit, (3) regarding AXIS's actions, and (4) defense counsel in the Rider litigation. AXIS argues these opinions are not relevant and do not aid the jury.

First, Watters will not be permitted to recite facts already presented to the jury. To the extent Watters's opinion requires the analysis of facts, he will be permitted to testify to those facts to support his opinion.

7

Second, Watters will not be permitted to offer opinions about settlement negotiations or the reasonableness of settlement demands. *See Dairy Farmers of Am., Inc.*, 391 F.3d at 943; *Concord Boat Corp.*, 207 F.3d at 1057; *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). Also, Watters will not be permitted to opine about the strength of the liability claims in the underlying Rider lawsuit.

Third, Watters will not be permitted to opine about the motives behind AXIS's demand letter. Additionally, he will not be permitted to opine that AXIS's demand letter was a "tactic."

Fourth, Watters will not be permitted to opine about the quality of lawyering by the defense in the Rider lawsuit. It is unclear how Watters's opinion about defense counsel in the underlying lawsuit would assist a jury in this matter. If anything, such an opinion may confuse the jury.

### (3) Good Faith

AXIS seeks to exclude Watters's opinion that NHIC acted in good faith. Experts are not permitted render opinions that are legal conclusions. *See Peterson*, 60 F.3d at 475; *Whitted*, 11 F.3d at 785. In this regard, AXIS's motion is granted.

### (4) Speculation

Finally, AXIS seeks to prevent Watters from opining about why the YMCA demanded settlement or why AXIS sent a letter demanding settlement. Watters will not be permitted to opine on the YMCA's motives in demanding settlement or why AXIS sent a demand letter because such opinions are speculation. *See Concord Boat Corp.*, 207 F.3d at 1057.

### III. CONCLUSION

For the foregoing reasons, NHIC's Motion to Limit Testimony of Plaintiff's Expert Charles Henderson (Doc. #110) is granted consistent with this order, NHIC's Motion to Limit the Testimony of Plaintiff's Expert Michael Manners (Doc. #112) is granted consistent with this order, and AXIS's Motion to Strike the Expert Designation and Exclude the Testimony of Russell Watters (Doc. #114) is granted consistent with this order. Otherwise, the parties' motions are denied.

8

IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 2, 2017              UNITED STATES DISTRICT COURT